**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JERRELL SMITH and R. DAILEY, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br>   v.<br><br>EDUCATION CORPORATION OF AMERICA,<br><br>   Defendant. | Case No.: |

**CLASS ACTION COMPLAINT FOR**
**VIOLATION OF WARN ACT 29 U.S.C. § 2101, *ET SEQ.***

Plaintiffs Jerrell Smith and R. Dailey ("Plaintiffs") by and through their undersigned counsel, on behalf of themselves and a class of similarly situated employees of Education Corporation of America ("Education Corp" or "Defendant"), hereby alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiffs were employees of Education Corp and were terminated on or around December 5, 2018 as part of a mass layoff and/or plant closing without being given 60 days advance written notice.

2. On that date, Defendant announced that it was permanently discontinuing its operations and, on or about that date, terminated approximately 3,000 other similarly situated employees without 60 days advance written notice.

3. Plaintiffs brings this action on behalf of themselves, and the other similarly situated former employees of Defendant who were terminated without cause, as part of, or as the foreseeable result of the mass layoffs or plant closings ordered by Defendant on or about December 5, 2018 and within thirty (30) days of that date, who were not provided 60 days

advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §§ 2101 *et seq*.

4. Plaintiffs and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to 29 U.S.C. § 2104 from Defendant.

## **JURISDICTION AND VENUE**

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. § 2104(a)(5).

6. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5) and 28 U.S.C. § 1391(b)(1).

## **THE PARTIES**

### *Plaintiffs*

7. At all relevant times, Plaintiff Jerrell Smith was employed by Education Corp as an Admissions Representative and worked at Defendant's facility located at 711 E Airtex Drive, Houston, Texas 77073 (the "Houston Facility").

8. At all relevant times, Plaintiff R. Dailey was employed by Education Corp as an Admissions Representative and worked at Defendant's facility located at 3535 W Sahara Ave, Las Vegas, Nevada 89102 (the "Las Vegas Facility").

### *Defendant*

9. Defendant Education Corporation of America is a Delaware corporation with its principal place of business located at 3660 Grandview Parkway, Suite 300, Birmingham, Alabama 35243 and conducted business in this district.

10. In addition to the Las Vegas and Houston facilities, Defendant maintained other facilities, as that term is defined in the WARN Act, including over 70 campuses in 18 states.

Together with the Las Vegas and Houston facilities, these facilities are collectively referred to herein as the "Facilities."

11.     Upon information and belief, at all relevant times, the other similarly situated former employees who were terminated by Defendant worked, reported to, or received instructions from the Alabama Headquarters or one of Defendant's other Facilities.

## WARN CLASS ALLEGATIONS, 29 U.S.C. § 2104

12.     Plaintiffs bring this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on behalf of themselves and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23(a), who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about December 5, 2018, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings by Defendant on or about December 5, 2018, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

13.     The persons in the WARN Class identified above ("WARN Class Members") number approximately 3,000 and are therefore so numerous that joinder of all members is impracticable.

14.     On information and belief, the identity of the members of the class and the recent residence address of each WARN Class Member is contained in the books and records of Defendant.

15.     The rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

16. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a) whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;

(b) whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(c) whether Defendant unlawfully failed to pay the WARN Class Members 60 days wages and benefits as required by the WARN Act.

17. Plaintiffs' claims are typical of those of the WARN Class. Plaintiffs, like other WARN Class Members, worked at or reported to one of Defendant's Facilities and was terminated without cause on or about December 5, 2018, in mass layoffs and/or plant closings, as defined by 29 U.S.C. § 2101(a)(2), (3), by Defendant.

18. Plaintiffs will fairly and adequately protect the interests of the WARN Class. Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

19. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages

suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

20. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

21. The Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Fed. R. Civ. P. 23.

## CLAIMS FOR RELIEF

### Violation of the WARN Act, 29 U.S.C. § 2104

22. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

23. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

24. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business enterprise until they decided to effect mass layoffs or plant closings at the Facilities.

25. On information and belief, on or about September 6, 2016, Defendant effected mass layoffs and/or plant closings at the Facilities, as those terms are defined by 29 U.S.C. § 2101(a)(2).

26. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty of Defendant's employees as well as more than thirty-three percent (33%) of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

27. Plaintiffs and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

28. Plaintiffs and the WARN Class Members are "affected employees" of Defendant within the meaning of 29 U.S.C. § 2101(a)(5).

29. Defendant was required by the WARN Act to give the Plaintiffs and the WARN Class Members at least 60 days advance written notice of their terminations.

30. Defendant failed to give the Plaintiffs and the WARN Class members written notice that complied with the requirements of the WARN Act.

31. Plaintiffs and each of the Class Members, are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

32. Defendant failed to pay Plaintiffs and each of the WARN Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b), Plaintiffs and the other similarly situated former employees constitute a single WARN Act class;

B. Designation of the Plaintiffs as Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiffs and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4);

E. Interest as allowed by law on the amounts owed under the preceding paragraph;

F. Plaintiffs' reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6), and

G. Such other and further relief as this Court may deem just and proper.

Dated: December 6, 2018

Respectfully submitted,

By: /s/ Christopher D. Loizides
Christopher D. Loizides (No. 3968)
**LOIZIDES, P.A.**
1225 King Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 654-0248
Email: loizides@loizides.com

Jack A. Raisner
René S. Roupinian
**OUTTEN & GOLDEN LLP**
685 3rd Avenue, 25th Floor
New York, New York 10017

7

Telephone: (212) 245-1000
Email: jar@outtengolden.com
Email: rsr@outtengolden.com

*Attorneys for Plaintiffs and the putative Class*